No. 9612.
Orleans Appeal.

---

MRS. F. F. WORINGEN, Appellant, v. WILLIAM G. ZETZMANN.

---

(April 13, 1925, Opinion and Decree.)

(April 13, 1925, Judge Westerfield Dissents.)

(May 11, 1925, Rehearing Refused. Judge Westerfield dissents.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Municipalities—Par. 224.

A pedestrian traveling at night on a narrow road in the outskirts of the City with thick bushes on either side upon which numerous automobiles go and come and few pedestrians, occupies a position of danger which calls for great care to avoid injury.

2. Louisiana Digest—Automobiles—Par. 4.

If under these conditions he is injured by a passing automobile he cannot recover unless he shows that the driver was negligent or could have avoided the accident.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Civil District Court, Hon. Percy Saint, Judge.

Plaintiff's minor daughter, Louise Woringer, was knocked down and injured by an automobile operated by the defendant. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

Jas. E. Shillen and W. A. McClendon, Jr., attorneys for plaintiff and appellant.

Gordon Boswell and R. L. A. Indest, attorneys for defendant and appellee.

CLAIBORNE, J. Plaintiff's minor daughter, Louise Woringer, was knocked down and injured by an automobile operated by the defendant. Hence this suit.

The plaintiff alleges that at about half past nine of the night of June 29th, 1923, while walking on the Downman Road in the direction of Little Woods, between Seabrook and Citrus near the City of New Orleans, her minor daughter, Louise Woringen, was struck from the rear by a five-passenger automobile operated by the defendant, Wm. G. Zetzman, running at an excessive speed; that her daughter and the automobile were going in the same direction towards Little Woods; that the defendant could have avoided the accident by proper caution and that the accident was due entirely to his fault; that her child suffered contusions of both knees, her feet were sprained, and her arms, head, face and chest were bruised, necessitating treatment by a physician; that she was confined to her home for a week suffering excruci-

ating pain; that her wearing apparel and personal effects, including dress, shoes, hose, and jewelry, were damaged beyond repair, which is estimated as follows:

Pain and suffering of child............$2,000.00
Medical expense.................................. 40.00
Loss of wearing apparel.................... 150.00
                                     $2,190.00

The defendant denied each allegation of plaintiff's petition, and assuming the character of plaintiff in reconvention averred: that on the date, place and hour alleged by plaintiff, he was driving his car at 25 miles per hour; that his head lights were burning and that he was driving at about 100 feet behind another car proceeding in the same direction when petitioner's daughter and a young man stepped from the brushes abutting said road on defendant's right-hand side into the road directly in the path of defendant's auto, in a sudden and unexpected manner, about 10 or 15 feet in front of defendant's car and made no effort to move; that defendant sounded his horn, applied his brakes and veered sharply to the left, but despite his efforts to avoid the accident, the right front fender of his car struck the couple, and his car turned over on the left hand side of the road, sustaining damages to the extent of $274, which he claims in reconvention against the plaintiff.

There was judgment for defendant and plaintiff has appealed.

The defendant has not appealed from the judgment against him dismissing his reconventional demand, nor has he answered the appeal praying for an amendment of the judgment. Therefore the judgment as to him cannot be amended by us.

The facts of the case are as follows:

The plaintiff, a girl of 19 years of age, and her male escort, in company with a female companion and her escort, at the hour of half past nine in the month of June on a dark night boarded an automobile and started from their home in the City of New Orleans to go to Little Woods upon Lake Pontchartrain, by way of the Downman Road between Gentilly Road and the Lake.

The road is paved with shells and is 18 or 20 feet wide, and is bounded upon either side by thick bushes, as expressed by one of the witnesses: "When I pass there in the summer time the bushes even slap me in the face."

The Downman Road is a two-way road and is much frequented by automobiles going each way. Although one witness says that he has sometimes seen pedestrians walking upon the road at night, the defendant testifies that he has never seen any at that time of the day, although he has frequently traveled upon the road.

After the quartette had gone some distance upon the road, they stopped the automobile. One couple remained within it, and the other couple, plaintiff and her escort, got out of it and walked up the road some distance. They testified that their purpose was "looking for watermelons". Although this purpose may have been paramount, it was not exclusive, for plaintiff's escort testified that he tried to kiss her but that he could not. While they were thus engaged the defendant entered upon the scene.

The defendant was one of a party of ten, likewise bent upon going to Little Woods. They had divided into two automobiles, five in each. Early in the action, one of their automobiles broke down. The five occupants of that automobile then abandoned it and took seats in the other car, four upon the front seat, seated almost side by side, and six upon the back seat, three seated partly upon the lap of the other three. This last car was a Big Six Studebaker. It then proceeded on its way, fol-

lowing 40 or 60 feet in the rear of another car driven by one Bernhardt. Both were running 25 or 30 miles an hour, and both had their head lights burning.

The Bernhardt car overtook the plaintiff and her escort, who were walking on their right on the edge of the road and near the brush. The car passed them with impunity, but defendant's car, coming immediately in the rear, struck the plaintiff and her escort and injured them both.

The question arises by whose fault did the accident happen? We have come to the conclusion that the fault was with the plaintiff.

She was traveling on a dark night upon a road over which numerous cars ran in both directions and upon which but few, if any, pedestrians walked at night. The road was narrow and hedged in upon each side by thick bushes. In order to avoid being run over, the pedestrians avoided the center of the road and kept close to the edge as near the bushes as it was possible. The shadow of the bushes increased the difficulty of seeing them. With the automobiles following each other in close procession their position became dangerous, and demanded extraordinary vigilance. The plaintiff's escort testified that they had been upon their walk upon the road before the accident about five minutes; that within that time a dozen automobiles passed by. He says he was aware of the danger. His companion must also have been aware of the danger. More timid by reason of her sex she must have been more conscious of the danger than her escort. She says she saw the light of the Bernhardt automobile as it passed by. She must have receded from the road as it went by. As she did so the headlights of defendant's automobile came immediately in the rear, and illuminated the scene and it was impossible for her not to have seen them.

The law holds her to having seen what she could and should have seen. Kelly

vs. Schmidt & Zeigler, 142 La. 91, 76 South. 250.

Walking on that road under those conditions and upon the right side of the road which she knew would be the side upon which automobiles were required to travel, particularly upon such a narrow road, to avoid collisions with other cars coming from an opposite direction, and aware that those automobiles would overtake her from the rear, and that it was difficult to discern her presence owing to the darkness and the density of the bushes, she should have looked behind for oncoming automobiles and should have avoided them, as she easily could have done had she made any effort in that direction.

The plaintiff quotes a number of cases, saying that a pedestrian upon a highway is not required to look back.

That may be true when the sun shines brightly and the driver of the vehicle is presumed to be able to see the pedestrian in front of him, but such were not the conditions of this case.

The plaintiff contends that under the doctrine of the last clear chance, even if she was negligent, the defendant could have avoided the accident, had he not been guilty in three particulars, viz.:

1st. That the defendant's car was overloaded and there were so many persons seated upon the front seat that it interfered with his driving. There is no evidence in support of that allegation, and defendant testifies that the number of persons in his car did not affect his driving.

2nd. That the defendant was driving at an excessive speed. The testimony is that he was driving between 25 and 30 miles behind another car. She relies upon Sec. 19 of Act 120 of 1921, p. 286. That Act applies only in the absence of municipal regulations upon the subject. We must take judicial cognizance of the fact that the City has adopted a traffic ordinance, and that ordinance is not in evidence to show

that 30 miles upon the Downman road is excessive. The Act, besides, makes a speed in excess of 15 miles in a city only prima facie evidence of excess. It therefore all depends in what part of the city the 15 miles are driven, whether on Canal Street or on the Downman Road.

3rd. That the speed was too great owing to the dust on the road. There is no evidence that there was such dust between the defendant and the plaintiff in the sense that the dust was the cause of defendant not seeing the plaintiff. The answer is that the defendant did not see the plaintiff because she was concealed by the bushes and suddenly appeared to defendant, who had no time to avoid the accident.

We have come to the conclusion that the negligence and want of care of the plaintiff brought her injuries upon herself and that it was not in the power of the defendant to have avoided the accident.

We feel much comfort in this conclusion in the case of Willis vs. Harley, 144 N. Y. Supp. 154, 159, App. Div. 94, where similar questions were discussed and a like conclusion reached. Approved by the following authorities: Elliott on Roads (3rd Ed.), Sec. 1123; Berry (4th Ed.), Sec. 327; Huddy (7th Ed.), Sec. 551; Babbitt (3rd Ed.), Sec. 1720. See also McClendon vs. Zetzman, No. 155,223 Civil District Court.

It is therefore ordered that the judgment herein be affirmed.